UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

LATASHA LOPER *on behalf of* P.L., : CASE NO. 1:17-cv-1849
:
      Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 1]
COMMISSIONER OF SOCIAL :
SECURITY, :
:
      Defendant. :
:

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Latasha Loper, on behalf of P.L., a minor, seeks review of the Social Security Administration's denial of supplemental security income (SSI).[1] Magistrate Judge George J. Limbert recommended affirming the benefits denial.[2] Plaintiff raises two objections.[3]

For the following reasons, the Court **OVERRULES** Plaintiff's objection; **ADOPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation (R&R); and **AFFIRMS** the decision of the Commissioner of Social Security.

## I. BACKGROUND

On October 1, 2014, Plaintiff Latasha Loper protectively filed an application for supplemental security income on behalf of Claimant P.L., a child under age 18.[4] Plaintiff Loper made a disability claim on behalf of Claimant P.L. for muscle stiffness and developmental delay.[5] The alleged disability onset date was January 11, 2014.[6]

The Social Security Administration denied Plaintiff Loper's application initially and upon

---

[1] Doc. 1.
[2] Doc. 19.
[3] Doc. 20.
[4] Doc. 10 at 10.
[5] *Id.* at 60.
[6] *Id.* at 13.

reconsideration.[7] On May 10, 2016, Administrative Law Judge Frederick Andreas conducted a hearing on her application.[8] At the hearing, there was "very little" in the record to support a disability finding.[9] The ALJ agreed to hold evidence open before making a decision.[10]

On May 17, 2016, Plaintiff Loper filed a letter with the ALJ indicating that she no longer wanted her counsel's representation. Plaintiff Loper also indicated that she was presenting P.L.'s medical records to the ALJ and that she was "asking for a decision to be made based on these new medical records I gave today or [for the ALJ to] dismiss until more exams are scheduled."[11] On August 17, 2016, the ALJ issued a decision denying Plaintiff Loper's claim.[12]

On October 18, 2016, Plaintiff Loper wrote a letter to the Social Security Administration stating that she had additional medical documents to present for the case and requesting more time to present evidence.[13] On October 24, 2016, the Social Security Administration wrote Plaintiff Loper and told her that she could provide more evidence but that the evidence must be new and material to the issues considered at the hearing and that she must show good cause for her failure to present the evidence at the hearing.[14]

On May 23, 2017, the Social Security Administration wrote a letter to Senator Rob Portman's office stating that they had received additional material that his office submitted to the record on Plaintiff Loper's behalf.[15] Included in the additional material that Senator Portman's office submitted was a speech-language evaluation of P.L. conducted on November 2, 2016.[16] The speech-language evaluation diagnosed P.L. with a "moderate mixed expressive-receptive language

---

[7] *Id.*
[8] *Id.* at 13, 18.
[9] *Id.* at 27.
[10] *Id.* at 39.
[11] *Id.* at 126.
[12] *Id.* at 10-15.
[13] *Id.* at 51.
[14] *Id.* at 49.
[15] *Id.* at 54.
[16] *Id.* at 55-56.

disorder."[17] The Social Security Administration also indicated in the letter that it had received a request from Plaintiff Loper for the Appeals Council to review the ALJ's decision.[18]

On July 14, 2017, the Appeals Council denied Plaintiff Loper's request for review, rendering the hearing officer's opinion the Commissioner's final decision.[19] The Appeals Council found that the November 2, 2016, speech-language evaluation "does not relate to the period at issue."[20] The Appeals Council stated that the ALJ decided "[Loper's] case through August 17, 2016" and that the evaluation post-dated the date of the ALJ's decision.[21]

On September 1, 2017, Plaintiff Loper filed this action seeking review of the Commissioner's final decision.[22] After a referral, the Magistrate Judge filed an R&R on June 22, 2018, recommending that the Court affirm the Commissioner's final decision.[23]

Plaintiff Loper makes two objections to the R&R.[24] First, Plaintiff objects to the Appeals Council's and the Magistrate Judge's findings that "the November 2, 2016 speech-language evaluation was not material evidence warranting remand [to the ALJ]."[25] Second, Plaintiff objects to the Magistrate Judge's finding that the ALJ's determination that Claimant P.L. did not have a severe medically determinable impairment was supported by substantial evidence.[26] Plaintiff does not make any objections to any other parts of the R&R.[27]

## II. LEGAL STANDARD

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the R&R to which the parties object.[28] The district court may "accept, reject, or modify,

---

[17] *Id.* at 55.
[18] *Id.* at 54.
[19] *Id.* at 1-4.
[20] *Id.* at 2.
[21] *Id.*
[22] Doc. 1.
[23] Doc. 19.
[24] Doc. 20.
[25] *Id.* at 1.
[26] *Id.* at 3.
[27] *See* Doc. 20.
[28] 28 U.S.C. § 636(b)(1).

Case No. 1:17-cv-1849
Gwin, J.

in whole or in part, the findings or recommendations made by the magistrate judge."[29]

When reviewing an ALJ's disability determination under the Social Security Act, a district court reviews whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[30] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[31] Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[32]

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[33] A district court also may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[34]

In order to qualify for childhood SSI benefits, a claimant must show that he or she has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and that is expected to cause death or that has lasted or can be expected to last for a continuous period of at least 12 months.[35]

An ALJ must proceed through sequential steps for evaluating entitlement to childhood SSI.[36] The three-step procedure requires the ALJ to determine whether a child: (1) is performing substantial gainful activity; (2) has a "severe" impairment or combination of impairments; and (3) whether the impairment or combination of impairments are of such a severity that the impairments meet, medically equal or are the functional equivalent in severity to an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[37]

---

[29] *Id.*
[30] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[31] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations omitted).
[32] *Id.*
[33] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[34] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that ALJ's decision cannot be overturned so long as ALJ's decision was supported by substantial evidence).
[35] 20 C.F.R. § 416.906.
[36] 20 C.F.R. § 416.924(a).
[37] 20 C.F.R. § 416.924(a)–(d).

Case No. 1:17-cv-1849
Gwin, J.

# III. DISCUSSION

## A. New and Material Evidence

Plaintiff argues that the Appeals Council erred by not remanding the case to the ALJ after Plaintiff submitted the November 2, 2016, speech-language evaluation to the Appeals Council after the ALJ's decision.[38] The Court disagrees with Plaintiff, but on different grounds than the Magistrate Judge.

42 U.S.C. § 405(g) permits a reviewing court to remand a case for consideration of additional evidence if the party seeking remand proves that (1) the additional evidence is new and material, and (2) that he or she had good cause for failing to offer the additional evidence during the administrative process.[39]

Evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence."[40] A claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence at the ALJ hearing.[41]

The Magistrate Judge erred by concluding that the November 2, 2016, evaluation is not material. The Magistrate Judge found that the evaluation "fails to establish that Claimant had a severe medically determinable speech impairment between January 11, 2014 through August 11, 2016, the date of the ALJ's decision."[42] But the Sixth Circuit has rejected a bright-line rule that a medical evaluation cannot be material or probative as to the relevant time period solely because it occurred

---

[38] Doc. 17 at 14-15; Doc. 20.
[39] *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). The Appeals Council employs the same standard. *See* Doc. 10 at 2.
[40] *Foster*, 279 F.3d at 357. (citing *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)).
[41] *Foster*, 279 F.3d at 357 (citing *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984)).
[42] Doc. 19 at 24.

-5-

Case No. 1:17-cv-1849
Gwin, J.

after the time period.[43] And in this case, the additional evidence is dated less than three months after the ALJ's decision.[44]

The question for this Court is not whether the evaluation by itself "establish[es] that Claimant had a severe medically determinable speech impairment"[45] during the relevant time period, but only whether the evaluation is *probative* or material to establishing a severe medically determinable impairment. The Court cannot say with certainty that an evaluation made so soon after the date of the ALJ's decision has no bearing on the period before the ALJ's decision. Moreover, the evaluation (if the ALJ credited it as probative to the relevant time period) could reasonably have changed the disposition of the case because the ALJ's decision rested heavily on the lack of an objective medical diagnosis.[46] The evaluation arguably provides an objective diagnosis to confirm many of the symptoms that other clinicians had observed throughout the relevant time period.[47] The Court therefore finds that the November 2, 2016, evaluation is material to the decision to deny Claimant benefits during the relevant time period.

However, Plaintiff has failed to show good cause for her failure to obtain a similar evaluation before the ALJ's decision. Plaintiff argues that "[t]his evidence was not presented at hearing for the good reason that [P.L.] did not undergo this evaluation until approximately two and a half months after the ALJ issued his decision on the matter."[48] But the Sixth Circuit has previously rejected this exact argument: "The additional medical reports were prepared after the Secretary's final decision

---

[43] *See Blankenship v. Comm'r of Soc. Sec.*, 624 F. App'x 419, 427 n.6 (6th Cir. 2015) ("[E]vidence relating to a later time period is considered minimally probative … and may be considered by the ALJ to the extent it illuminates claimant's health before the expiration [of the relevant time period].") (citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987)). Many of the cases finding later evidence not probative involve much longer gaps between the ALJ's decision and the date of the evidence than the gap in this case. *See, e.g.*, *Estes v. Barnhart*, 275 F.3d 722, 725-26 (8th Cir. 2002) (finding evidence not probative when it dated seventeen months after the ALJ's decision).
[44] *Compare* Doc. 10 at 15 (establishing date of ALJ's decision as Aug. 17, 2016) *with* Doc. 10 at 56 (establishing date of speech-language evaluation as Nov. 10, 2016).
[45] Doc. 19 at 24.
[46] *See* Doc. 10 at 15 ("[T]here are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment.").
[47] *Compare id.* at 58 (providing diagnosis of "moderate mixed expressive-receptive language disorder") *with id.* at 284 (observing that P.L. appeared to have a speech delay).
[48] Doc. 17 at 14.

and therefore could not have been presented at the hearing. While [the Ninth Circuit has accepted this argument as sufficient], this circuit has taken a harder line on the good cause test. ... [I]n order to show good cause the complainant must give a valid reason for his failure to obtain the evidence prior to the hearing."[49]

Plaintiff Loper has not presented any reason why she could not have obtained a similar evaluation before the hearing. Even when the ALJ held the record open after the hearing, there is no indication that Plaintiff attempted to obtain a speech-language evaluation. A week after the hearing concluded, Plaintiff Loper even invited the ALJ to make "a decision ... based on these new medical records I gave today [May 17, 2016],"[50] well before the November 2, 2016, speech-language evaluation.

The good cause rule incentivizes the presentation of relevant evidence at the hearing, where the ALJ can consider the record as a whole.[51] The Court holds that Plaintiff has not shown good cause for her failure to obtain relevant evidence before the hearing. Because Plaintiff Loper has not shown good cause for her failure to timely obtain relevant evidence, Sixth Circuit precedent does not permit the Court to remand this case to the Commissioner for consideration of the additional evidence.

### B. ALJ's Finding of No Medically Determinable Impairment

Plaintiff Loper also appears to argue that the ALJ erred by finding that P.L. did not have a medically determinable impairment.[52] Plaintiff Loper contends[53] that the Magistrate Judge erred by (1) finding that substantial evidence supported the ALJ's decision, and (2) failing to require the ALJ to apply the Sixth Circuit's *de minimus* standard, which states that any medically determinable

---

[49] *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986).
[50] *Id.* at 126.
[51] *See* Doc. 10 at 38 ("[T]he problem I have is we had a medical expert lined up to testify based on what was in the record. You know, we don't have any of that information. I'm not exactly sure why we don't. You know, we have a large backlog of people who want these hearing spots[.]").
[52] Doc. 20 at 3.
[53] *Id.*

impairment greater than "a slight abnormality that minimally affects work ability regardless of age, education, and experience" qualifies as a severe medical impairment.[54]

The Court adopts the Magistrate Judge's R&R on these issues.[55] First, substantial evidence supported the ALJ's decision.

Plaintiff Loper points out that there are diagnoses in the record for Claimant P.L. of developmental delay, speech disorder, esotropia and hypertonia.[56] But the evidence in the record presented to the ALJ also included the following contrary evidence: (1) a pediatrician's October 2014 assessment that Claimant P.L. had normal growth and development;[57] (2) a pediatric neurologist's November 2014 examination finding that Claimant P.L. had a normal neurological evaluation and normal development;[58] (3) an April 2015 pediatric assessment finding that Claimant P.L. had conjugated eyes, full range of motion and equal strength and symmetry in her extremities, normal muscle tone and bulk, and mild diffuse hypertonia that was resolving;[59] (4) a March 2016 physical therapy finding that Claimant P.L.'s gross motor function was above average for her age;[60] (5) Claimant P.L.'s good performance on an occupational therapy evaluation until Plaintiff Loper intervened to stop the evaluation;[61] (6) evidence that initial diagnoses of developmental delay and hypertonia were not corroborated during a follow-up visit;[62] and (7) the testimony of a medical expert that there was "no information in the record of any significant impairment."[63] This evidence supports the ALJ's decision. And the Court cannot reverse the decision of an ALJ if it is supported by substantial

---

[54] *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).
[55] *See* Doc. 19 at 14-19.
[56] Doc. 10 at 272, 284; *see* Doc. 17 at 4, 15.
[57] Doc. 10 at 235 , 339.
[58] Doc. 10 at 245.
[59] Doc. 10 at 272, 273–74.
[60] Doc. 10 at 214, 217–18.
[61] *See* Doc. 10 at 223–25.
[62] *Compare* Doc. 10 at 232 (noting diagnosis of developmental delay) *with* Doc. 10 at 245 (finding "completely normal" development and muscle tone three months later).
[63] Doc. 10 at 14.

evidence, even if substantial evidence also exists to support the opposite conclusion.[64]

The Magistrate Judge therefore correctly found that substantial evidence supported the ALJ's finding of no medically determinable impairment.[65]

Second, the ALJ did not err in failing to apply the Sixth Circuit's *de minimus* standard, that holds that any medically determinable impairment greater than "a slight abnormality that minimally affects work ability" qualifies as a severe medical impairment.[66] The Magistrate Judge correctly found that "[w]ithout a finding of a medically determinable impairment, the ALJ was not required to determine the severity of any impairment, which is when the *de minimus* standard then applies."[67] Because the ALJ never found the existence of an impairment, the ALJ did not err by failing to apply the Sixth Circuit's *de minimus* standard, which relates to an impairment's severity.

## IV. CONCLUSION

For the above reasons, the Court **OVERRULES** Plaintiff's objections; **ADOPTS IN PART** and **REJECTS IN PART** the R&R; and **AFFIRMS** the decision of the Commissioner of Social Security.

IT IS SO ORDERED.

Dated: July 19, 2018               *s/   James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[64] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that ALJ's decision cannot be overturned so long as ALJ's decision was supported by substantial evidence).
[65] *See* Doc. 19 at 16-19.
[66] *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).
[67] Doc. 19 at 16.